IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 4:18-CR-219-SDJ-KPJ |
| STEVEN DEWAYNE WILSON, | § § § | |
| Defendant. | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Steven Dewayne Wilson's ("Defendant") Motion to Suppress (the "Motion") (Dkt. 28), the matter having been referred to the undersigned by the Honorable Sean D. Jordan (*see* Dkt. 29). The Government filed a Response in opposition to the Motion (Dkt. 30). On November 5, 2019, and continuing on December 6, 2019, the Court held a hearing on the contested issues (the "Hearing"). *See* Dkts. 41, 46. The Court has considered the record before it and the arguments and evidence presented at the Hearing.[1] As set forth below, the Court finds that Motion should be **DENIED**.

---

[1] After the Hearing, Defendant's counsel notified the Court that the Government tendered relevant evidence to Defendant's counsel via email during the Hearing, of which Defendant's counsel was unaware until after the Hearing had concluded. The Court allowed Defendant to file expedited briefing regarding such evidence. *See* Dkt. 47. As part of his expedited briefing, Defendant moved to reopen the Hearing. *See* Dkt. 48 at 1. Defendant also used the expedited briefing as an opportunity to include additional evidence beyond that provided by the Government during the Hearing via email. *See* Dkt. 48 at 4. As the Court has already heard over five hours of testimony over two separate days at the Hearing, the Court finds Defendant's Motion to Reopen the Motion to Suppress Hearing (Dkt. 48) is **DENIED**. The Court has considered the evidence at issue, along with the parties' expedited briefing and additional evidence offered by Defendant therein, in deciding the Motion.

## I.   BACKGROUND

On March 8, 2017, after 11:00 p.m., Lamar County Police Officers (the "Officers") were dispatched to 1813 County Road 35780, Arthur City, Lamar County, Texas (hereinafter, "1813 County Road 35780" or the "Wharton Property")[2] in response to a 911 call made by Kimberly Morrison ("Ms. Morrison") and her son, Dakota Morrison ("Morrison"). *See* Defendant's Ex. 15. Morrison claimed to have been assaulted by Defendant. When the Officers arrived at the Wharton Property, Morrison reported that Defendant fired multiple rounds from a .22 rifle, one of which hit Morrison's house. Morrison further reported that Defendant hit him in the head with the stock of Defendant's rifle when Morrison confronted Defendant. Morrison told the Officers that Defendant lived in a camper trailer on the Wharton Property, as Defendant rented some acreage on the Wharton Property from the owner, Paulette Wharton. Officer James Cole Sain ("Officer Sain") testified that the Officers were unable to locate Defendant that evening.

At approximately 5:30 a.m., the following morning, on March 9, 2017, Lamar County Police Officers were again dispatched to the Wharton Property in response to a 911 call made by Ms. Morrison, wherein Ms. Morrison reported that Defendant was knocking on the door of their house on the Wharton Property with what appeared to be a black handgun tucked into his waistband. *See* Government's Ex. 33. When Officers arrived, they observed several .22 caliber spent rounds on the ground, which appeared to have been recently fired. The Officers located and spoke with Defendant at his Terry camper, which was located on the Wharton Property. Defendant denied striking Morrison and denied Officers consent to search his Terry camper, pickup trucks, and/or trailers.

---

[2] The Wharton Property consists of 6.49 acres of land located in a rural area in Lamar County, Texas. *See* Government's Ex. 24.

Officer Anson Amis ("Officer Amis") testified that he was contacted by Officers at the scene on March 9, 2017, to obtain a search warrant for Defendant's Terry camper, two pickup trucks, flatbed trailer, and horse trailer, all of which were located on the Wharton Property. Officer Amis prepared the affidavit for the search warrant (the "Affidavit") and, on March 9, 2017, a Lamar County District Judge signed the warrant (the "Warrant") (Dkt. 28-1 at 4–5). The Warrant incorporates the Affidavit "for all purposes" and states in part:

> Now, therefore, you are commanded to enter the Suspect Place, vehicles, trailers and premises described in said affidavit, to wit 1813 County Road 35780 in Arthur City, Lamar County, Texas and to there search for the property described in said affidavit and to seize same named in the affidavit to wit:
> - Rifle capable of firing a .22 round
> - Black handle handgun (unknown caliber),
> - .22 caliber ammunition[.]

Dkt. 28-1 at 4. The incorporated Affidavit describes the property to be searched as follows:

> 01) There is property located at 1813 County Road 35780 Artgur City, Lamar County, Texas, described as follows:
>    - Terry camper trailer
>    - Tan 4 door F-150 pickup
>    - Black Dodge 1500 pickup
>    - Flatbed trailer with toolbox
>    - Horse trailer[.]
>
> 02) Said Suspect Location is in the charge of and controlled by the following named and/or described suspected parties:
>
>    - Steven Dewayne Wilson W/M 8-25-1964[.]
>
> 03) It is the belief of AFFIANT that said Suspected Location contains the following property, to-wit:
>    - Rifle capable of firing a .22 round
>    - Black handle handgun (unknown caliber),
>    - .22 caliber ammunition[.]

Dkt. 28-1 at 1–2. The Affidavit further states, "[Defendant] has a camper trailer on Morrison's property that he lives in. [Defendant] also has two pick-ups, one horse trailer, and one flatted trailer with a toolbox attached to it." Dkt. 28-1 at 2.

On March 9, 2017, Officers executed the Warrant by searching Defendant's Terry camper, two pickup trucks, and two trailers. Inside Defendant's Terry camper, Officers found some unspent .22 caliber ammunition and keys to Defendant's Ford pickup. In the Ford pickup, officers found a .22 rifle and a large amount of .22 caliber ammunition. The Officers seized such evidence and arrested Defendant for being a felon in possession of a firearm. Defendant was transported to the Lamar County Sheriff's Office, where he was placed in an interview room and given a *Miranda* warning. Defendant signed a waiver of his rights and admitted to borrowing the .22 rifle from a coworker.

Defendant was charged in a one-count Indictment, alleging a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), on November 15, 2018. Dkt. 1. Defendant was subsequently charged in a one-count First Superseding Indictment, alleging a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), on August 14, 2019. Dkt. 24. On September 3, 2019, Defendant filed the Motion (Dkt. 28), wherein Defendant seeks to suppress all tangible evidence seized by law enforcement during the search and Defendant's subsequent statement to law enforcement concerning the physical evidence obtained in the search. *See* Dkt. 28 at 14.

## II.     ARGUMENTS

Defendant contends the Warrant fails to particularly describe the place to be searched. *See* Dkt. 28 at 12. Specifically, Defendant argues the Warrant incorrectly describes the property to be searched as 1813 County Road 35780, instead of 1853 County Road 35780. *See id*. Defendant further argues the good faith exception should not save the seized evidence from exclusion because the Officers executing the Warrant could not have relied on the Warrant in objectively reasonable good-faith. *See* Dkt. 28 at 12. The Government contends the Warrant adequately satisfies the particularity requirement of the Fourth Amendment because it sufficiently describes the place to

be searched. *See* Dkt. 30 at 3–5. Further, the Government argues that if the Warrant is deemed deficient, the Officers relied upon the Warrant in good faith when executing the same, and hence, the evidence discovered is admissible under the good faith exception to the exclusionary rule. *See* Dkt. 30 at 6–7.

### III.   LEGAL STANDARD

The Fourth Amendment guarantees the following:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and **particularly describing the place to be searched, and the persons or things to be seized**.

U.S. Const. amend. IV (emphasis added). The Fourth Amendment's particularity requirement demands that the place to be searched and the items to be seized be described with sufficient particularity so as to leave "nothing . . . to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196 (1927); *Williams v. Kunze*, 806 F.2d 594, 598 (5th Cir. 1986) ("The items to be seized must be described with sufficient particularity such that the executing officer is left with no discretion to decide what may be seized."). "The general rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Groh v. Ramirez*, 540 U.S. 551, 559 (2004) (quoting *Massachusetts v. Sheppard*, 468 U.S. 981, 988 n.5 (1984)). As the proponent of a motion to suppress, "a defendant normally bears the burden of proving by a preponderance of the evidence that the challenged search or seizure was unconstitutional." *U.S. v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005).

"The test for determining the sufficiency of the warrant description is whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and

identify the premises with reasonable effort, and whether there is a reasonable probability that another premise might be mistakenly searched, which is not the one intended to be searched under the search warrant." *United States v. Delozier*, 644 F. Supp. 135, 137 (E.D. Tex. 1986) (citing *United States v. Alvarello*, 592 F.2d 1339 (5th Cir. 1979)). In testing for particularity, courts should interpret and test a search warrant "in a common sense and realistic manner, rather than a hypertechnical one. Thus, an error in the description of the place to be searched does not automatically render a search warrant invalid." *Delozier*, 644 F. Supp. at 137. Courts have further found that officers are "not obliged to interpret the warrant narrowly," as "reasonable specificity is required, but not elaborate detail." *United States v. Triplett*, 684 F.3d 500, 504 (5th Cir. 2012) (citing *United States v. Hill*, 19 F.3d 984, 987 (5th Cir. 1994)) (quotations omitted).

Moreover, pursuant to the good-faith exception to the exclusionary rule, "if the evidence was obtained by law enforcement officers who relied on the warrant in objectively reasonable good-faith, then the evidence obtained during the search is admissible." *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). To determine if the good-faith exception applies, courts decide "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Leon*, 468 U.S. 897, 923 n.23 (1984); *see Herring v. United States*, 555 U.S. 135, 143 (2009) ("[E]vidence should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.") (quotations omitted).

### IV.     ANALYSIS

It is undisputed by the parties that Defendant's property at issue was located on the Wharton Property. Defendant contends that his Terry camper, two pickup trucks, and two trailers were all located on a portion of land owned by the Wharton's with the address of 1853 County

Road 35780, Arthur City, Lamar County, Texas (hereinafter, "1853 County Road 35780"), which is located next to 1813 County Road 35780. Defendant argues that the Officers should not have executed the Warrant because of a mailbox located on the Wharton Property close to Defendant's Terry camper, allegedly baring the label "1853." The Government argues that the physical address associated with the Wharton Property was 1813 County Road 35780. Moreover, the Government argues that there was not a physical address located on or near Defendant's Terry camper or pick-up trucks, and disputes Defendant's contention that the mailbox was associated with Defendant's property.

At the Hearing, Defendant presented the testimony of Ms. Morrison, the daughter of Paulette Wharton and a resident of the house located on the Wharton Property. Ms. Morrison testified that over twenty-two years ago, she lived in a house that was located near where Defendant's Terry camper was parked at the time of the search; however, that house was destroyed in a fire approximately twenty-two years ago. During the time Ms. Morrison lived in that house, she and her father constructed a mailbox, which they erected near the edge of the Wharton Property line. *See* Defendant's Ex. 1–4; Government's Ex. 11. That mailbox, which remains standing to date, was located on the other side of a tree, near Defendant's Terry camper at the time of the search. *See* Defendant's Ex. 1–4; Government's Ex. 11. Ms. Morrison testified that although her mail was delivered to that mailbox over twenty-two years ago, no mail had been delivered to the mailbox since that time (with the exception of a brief period in 2007, during which Ms. Morrison's uncle lived in a mobile home on that location of the Wharton Property). While the mailbox currently displays a label reading "1853," Ms. Morrison denied that she and/or her father ever labeled the mailbox. Further, Ms. Morrison testified that she did not know when the "1853" label was added to the mailbox (however she denied that it could have been before 2019). Moreover,

7

Ms. Morrison testified that Defendant never received any mail in that mailbox, and that 1813 County Road 35780, is the only active mailing address for the Wharton Property.[3] Conversely, Defendant testified that the "1853" label was already on the mailbox when he moved onto the Wharton Property in 2016. Officer Sain testified that he saw the mailbox near Defendant's Terry camper during the search; however, he did not recall if there were numbers on the mailbox. Officer Amis testified that he did not recall seeing the mailbox when executing the Warrant.

Defendant further presented evidence of emails and communications from several Paris, Texas, post office employees. One such letter states that 1853 County Road 35780, is a valid address. *See* Defendant's Ex. 14. Another email states that Defendant's mail was never delivered to 1853 County Road 35780, and the last time the postal employee recalled delivering mail to that address was prior to 2013. *See* Dkt. 48-1 at 3.

Officer Sain provided the Court with a list of addresses for County Road 35780, made by the Lamar County Appraisal District. *See* Government's Ex. 32. The list does not show that 1853 County Road 35780, is a reported address. Officer Sain also produced a log of 911 calls made to the Lamar County Sheriff's Office by Defendant (the "Call Log"). *See* Government's Ex. 33. The Call Log indicates that Defendant made over forty 911 calls, and the log lists the address at which service was requested for such calls as 1813 County Road 35780. Officer Sain noted during his testimony that the Officers considered the history of conflict between Defendant and the Wharton's and Morrison's when conducting their investigation.

Officer Sain testified that there was no confusion as to which property was to be searched, and the Officers only searched the Terry camper, two pickup trucks, and two trailers belonging to

---

[3] Ms. Morrison admitted that 1853 County Road 35780, appeared on a Google Map shown to her by Defendant's counsel.

Defendant. Officer Amis testified that Defendant was present and did not protest the search when the Warrant was executed.

According to the Fifth Circuit, "a correct street address in a search warrant, even if no other description is given, is particular enough to withstand constitutional scrutiny." *United States v. Dancy*, 947 F.2d 1232, 1234 (5th Cir. 1991). However, the Fifth Circuit has also noted that "a minor error in the portion of the description of the premises to be searched does not necessarily invalidate the search." *United States v. Darensbourg*, 520 F.2d 985, 987 (5th Cir. 1975) (compiling cases); *see U.S. v. Lopez*, 582 F.App'x 438, 443 (5th Cir. 2014) ("Indeed, this Court has previously upheld searches conducted pursuant to warrants with an incorrect house number, the wrong street name, and even the incorrect city."). Here, while the Paris, Texas, Post Office acknowledges that 1853 County Road 35780, is a valid address, the Lamar County Appraisal District does not show 1853 County Road 35780, as a listed address. Further, both tracts of land, 1813 County Road 35780, and 1853 County Road 35780, are owned by the Wharton's, and Ms. Morrison claimed to not know any address other than 1813 County Road 35780, was associated with her family's land.

The Officers executing the Warrant searched only the location intended to be searched, and Defendant did not object to the Warrant's validity while the Officers were executing the Warrant. To rule in these circumstances that the Warrant was "so facially deficient" that the executing Officers could not "reasonably presume it to be valid, would egregiously elevate form over substance." *United States v. Gordon*, 901 F.2d 48, 50 (5th Cir. 1990). Therefore, the Court finds the Warrant contains adequate particularity to comply with the Fourth Amendment.

Even if, *arguendo*, the Warrant was not adequately particular, the Officers executing the Warrant acted in good faith reliance upon the Warrant during their search. Courts have found that a warrant was executed in good faith when an executing officer had been to the premises searched

9

before. *See United States v. Delozier*, 644 F. Supp. 135, 137 (E.D. Tex. 1986). Here, it is undisputed that Lamar County Police Officers have responded to numerous 911 calls involving disputes between Defendant and the Wharton's and Morrison's at the Wharton Property. During the Hearing, Officer Sain testified that the Officers considered the parties' history of conflict in their investigation and were familiar with the Wharton Property. Officer Sain further testified that he was present for the search, and there was no confusion as to which property was to be searched. In fact, the only property searched was the Terry camper, two pickup trucks, and two trailers identified in the Warrant to be searched. *See Sheppard*, 468 U.S. at 991 (refusing to exclude evidence because the "police conduct in this case clearly was objectively reasonable and largely error-free"). Therefore, the Court finds that even if the Warrant had failed the particularity requirement, the evidence would not be suppressed due to the good faith exception.

The Court finds the Warrant meets the particularity requirement of the Fourth Amendment. Further, the Court finds that even if, *arguendo*, the Warrant was not adequately particular, the officers executing the Warrant acted in good faith reliance upon the Warrant during their search.

## V. CONCLUSION

For these reasons, the Court recommends that Defendant's Motion to Suppress (Dkt. 28) be **DENIED** in its entirety.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 17th day of January, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE