IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. 4:18-CR-219-SDJ |
| STEVEN DEWAYNE WILSON | | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 17, 2020, the report of the Magistrate Judge (the "Report"), (Dkt. #55), was entered containing proposed findings of fact and recommendations that Defendant Steven Dewayne Wilson's Motion to Suppress (the "Motion"), (Dkt. #28), be denied.

Defendant filed objections to the Report, (Dkt. #57), and the Government filed a response, (Dkt. #59). The Court has made a *de novo* review of the objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

### I. DISCUSSION

Defendant first argues that the Magistrate Judge failed to include "essential findings of fact and conclusions of law" as required by Federal Rule of Criminal Procedure 12(d) and requested on the record. Thus, Defendant argues he cannot

properly object to the Magistrate Judge's Report in order to preserve his right for review, and Defendant requests the Court order the Magistrate Judge to enter "essential findings on the Motion." *See* (Dkt. #56 at 4, 6).

When a motion to suppress is referred to a magistrate judge, the magistrate judge "must enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." FED. R. CRIM. P. 59(b)(1). Courts have noted that "[w]hile helpful to appellate review, Rule 12(e) [now renumbered as Rule 12(d)] does not require detailed findings of facts as long as the essential basis of the court's decision is apparent." *U.S. v. Oliver*, No. 3:07-CR-380-D, 2008 WL 3931190, at *1 (N.D. Tex. Aug. 26, 2008) (quoting *U.S. v. Toro-Pelaez*, 107 F.3d 819, 824 (10th Cir. 1997)).

The Court finds Defendant's argument that the Report does not contain essential findings of fact unavailing. As noted in the Government's response, while the Report does not contain a section specifically labeled "Findings of Fact" and "Conclusions of Law," it recites the relevant evidence and testimony, the applicable law to be applied to the facts as presented by the parties, the arguments made by the parties, and the legal conclusions based on the evidence presented both in the briefing and oral argument. The Report specifically concluded that the warrant complied with the Fourth Amendment particularity requirement and the officers executing the warrant acted in good faith. *See* Dkt. #55 at 9. Additionally, the Magistrate Judge detailed the facts considered in reaching the legal conclusions contained in the Report. Therefore, the Court finds that the Report adequately includes essential findings of fact and conclusions of law, and Defendant's request

that the Magistrate Judge enter "essential findings on the Motion" is **DENIED**.

Despite arguing that the Report failed to make essential findings of fact, Defendant nevertheless objects to the "infer[ed]" "findings of fact and conclusions of law in the Report":

1. Defendant objects to the finding that The Middle Tract, as identified in his Motion, or 1853 CR 35780, is not a legally distinct address from 1813 CR 35780;

2. Defendant objects to the finding that the mailbox at 1853 CR 35780 did not exhibit the numbers 1853 at the time of the execution of the search warrant herein;

3. Defendant objects to the finding that Defendant ever identified his address as 1813 CR 35780, whether in 911 calls or otherwise;

4. Defendant objects to the finding that law enforcement searched the premises intended in the search warrant that identified the premises to be searched as 1813 CR 35780;

5. Defendant objects to the finding of fact or conclusion of law, as the case may be, that the absence of mail delivery to Defendant at 1853 CR 35780 informs a finding of fact that the mailbox at 1853 CR 35780 did not bear the numbers 1853 at the time of the execution of the search warrant describing the premises to be searched as 1813 CR 35780.

6. Defendant objects to the finding of fact that Defendant was living at or his personalty was located at 1813 CR 35780 when the search warrant was executed.

7. Defendant objects to the finding of fact that the officers executing the search warrant describing the premises to be searched as 1813 CR 35780 did not recklessly fail to observe the mailbox exhibiting the numbers 1853 on the premises they actually searched.

8. Defendant objects to the conclusion of law that the search warrant describing the premises to be searched as 1813 CR 35780 was lawfully executed on Defendant's personalty or premises.

9. Defendant objects to the conclusion of law that the search warrant describing the premises to be searched as 1813 CR 35780 was executed at the wrong location but officers did so in objectively

reasonable good faith.

10. Defendant objects to the conclusion of law that the search warrant describing the premises the be searched as 1813 CR 35780 was not so recklessly executed at the premises known as 1853 CR 35780 as to render it unlawful.

(Dkt. #57 at 4–5). Defendant does not provide any argument or analysis for the Court's consideration of these objections.

Any party wishing to object to a magistrate judge's report must "file specific written objections to the proposed findings and recommendations" within fourteen days after service of the report, in order to preserve the party's right to review. FED. R. CRIM. P. 59(b)(2). A party who files timely written objections to a report is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C). Objections to a report must specifically identify portions of the report and the basis for those objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required). Moreover, "[a] district court 'need not consider [f]rivolous, conclusive, or general objections.'" *U.S. v. Gray*, NO. 5:19-CR-00002-RWS, 2019 WL 2161694, at *2 (E.D. Tex. May 17, 2019) (quoting *Battle*, 834 F.2d at 421).

Defendant's objections to the Report are conclusory, as Defendant merely states objections to the Magistrate Judge's "findings"—most of which do not accurately reflect the actual findings and conclusions reached in the Report—without providing the Court with any basis for such objections.

Additionally, Defendant's objections constitute no more than a recitation of the factual allegations and arguments asserted in Defendant's Motion and presented at the hearing before the Magistrate Judge on the Motion. Therefore, the Court finds that Defendant's objections to the Report are **OVERRULED**.

## II. CONCLUSION

Upon review, the Objections, (Dkt. #57), are **OVERRULED**, and Defendant's Motion to Suppress, (Dkt. #28), is hereby **DENIED**.

**So ORDERED and SIGNED this 3rd day of March, 2020.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE